E-FILED
Friday, 13 August, 2010  09:15:50 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| MYRON ZOLLICOFFER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No.   10-cv-1238 |
| | ) |
| RICARDO RIOS, *Warden, Pekin Federal Correctional Institution*, | ) |
| | ) |
| Respondent. | ) |

## O P I N I O N  &  O R D E R

This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, in which he argues that the recent Supreme Court decisions of *Begay v. United States*, 553 U.S. 137 (2008) and *Chambers v. United States*, 129 S.Ct. 687 (2009) require that he be resentenced without the armed career criminal enhancement included in his original sentence.[1]  (Doc. 1).

Petitioner was convicted in 2002 before Judge Jeanne Scott of the Central District of Illinois, Springfield Division, of distribution of cocaine base.  He was sentenced to 230 months' imprisonment, which included a sentence enhancement under the Armed Career Criminal Act ("ACCA").  In November 2004, Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §

---

[1]   Initially, Petitioner did not submit the applicable filing fee with his Petition, and so the Court ordered him to do so or to submit a Motion to Proceed in forma pauperis; the Court received Petitioner's filing fee on August 11, 2010.

2255, which Judge Scott denied later that month;[2] both Judge Scott and the Seventh Circuit denied Petitioner's requests for a Certificate of Appealability. (04-cv-3239). In March 2010, Petitioner filed an application for leave to file a second § 2255 motion with the Seventh Circuit, arguing that *Chambers* required resentencing. (Doc. 1 at 5). The Seventh Circuit's Order denying Petitioner's application noted that his claim neither alleged new facts nor relied on a new constitutional rule, as *Chambers* had merely defined a statutory term, rather than announcing a constitutional rule. (Seventh Circuit case number 10-1615, Doc. 2).

In *Collins v. Holinka*, the Seventh Circuit explained both that the Court must "respect the plaintiff's choice of statute to invoke - whether § 2241, § 2255, or 42 U.S.C. § 1983 - and give the action the treatment appropriate under that law," and that § 2241 may be used instead of § 2255 to challenge a federal sentence or a federal conviction's validity only if § 2255 is "inadequate or ineffective to test the legality of [a petitioner's] detention." 510 F.3d 666, 667 (*citing* 28 U.S.C. § 2255(e); *Copus v. Edgerton*, 96 F.3d 1038 (7th Cir. 1996)). A petition under § 2241 must be dismissed under § 2255(e) if § 2255 is adequate. *Id.* Here, Petitioner has sought and been denied the opportunity to make a second challenge under § 2255, this time based on his armed career criminal sentencing enhancement under *Chambers*. He argues that the Seventh Circuit's denial of his request renders § 2255 inadequate and that he should therefore be able to use § 2241 to make the same argument. (Doc. 1 at 8).

---

[2] In this § 2255 Motion, Petitioner argued that he had received ineffective assistance of counsel and that the statutes under which he was convicted were unconstitutional.

> Thus, whether § 2255 is adequate for Petitioner is the crucial question.
>
> To decide what "adequacy" means…requires determining what the essential function of habeas corpus is and whether it is impaired in the circumstances before us by the limitations on the use of the remedy provided in section 2255. The essential function is to give a prisoner a reasonable opportunity to obtain a reliable judicial determination of the fundamental legality of his conviction and sentence.

*In re Davenport*, 147 F.3d 605, 609 (7th Cir. 1998) (*citing Carafas v. LaVallee*, 391 U.S. 234, 238 (1968); *Price v. Johnston*, 334 U.S. 266, 283 (1948)). In *Davenport*, the Seventh Circuit distinguished between two petitioners' arguments that § 2255 was inadequate in their cases. For the first petitioner, § 2255 was not inadequate, as the petitioner had had the opportunity to raise his argument in his first § 2255 motion; the fact that he was constrained from raising it in a second § 2255 Motion did not render § 2255 inadequate.[3] *Id*. at 609-10. On the other hand, § 2255 was inadequate for the second petitioner, as, when he had filed his initial § 2255 motion, the law of the Circuit was "firmly against him." The Supreme Court later overruled the Circuit's interpretation of the relevant statutory language, but did not announce a new rule of constitutional law, so the petitioner was foreclosed from a second § 2255 motion; the Petitioner was therefore entitled to use § 2241 to make his argument under the new statutory interpretation. *Id*. at 610.

Here, Petitioner argues that *Begay* and *Chambers* require that he be resentenced without the armed career criminal enhancement, as it was based on a prior conviction for "Aiding and Abetting the Reckless Discharge of a Firearm,"

---

[3] Petitioner also argues that he is "actually innocent" of the sentencing-enhancing crime for purposes of the ACCA. (Doc. 1 at 8). As noted by the Seventh Circuit in *Davenport*, this type of "innocence" is only "technical," and does not automatically confer a right to file a § 2241 petition. *Davenport*, 147 F.3d at 609.

3

which was considered at that time to be a "violent felony" within the terms of the ACCA. In *Begay*, the Supreme Court "held that a violent felony must involve 'purposeful' conduct," and the Seventh Circuit has "held squarely that a crime with a mens rea of recklessness cannot qualify as a violent felony." *Welch v. United States*, 604 F.3d 408, 418 (7th Cir. 2010) (*citing United States v. Smith*, 544 F.3d 781, 786 (7th Cir. 2008)). *See Begay*, 553 U.S. at 143. *Chambers* reiterated the rule that a violent felony within the ACCA must be "purposeful, violent, and aggressive." 129 S.Ct. at 692. "The *Begay* rule is retroactively applicable on collateral review." *Welch*, 604 F.3d at 415.

As in the case of the second petitioner in *Davenport*, the Supreme Court has, since Petitioner's initial § 2255 Motion, changed the statutory definition of a "violent felony" from that previously utilized by this Circuit in a way that potentially limits Petitioner's sentencing exposure (and which is retroactive on collateral review), but did not announce a new rule of constitutional law in doing so, so Petitioner cannot use a second § 2255 motion to raise his claim. It is at least arguable that Petitioner's prior "Aiding and Abetting the Reckless Discharge of a Firearm" conviction is not a "violent felony" within the meaning of the ACCA as interpreted by *Begay* and *Chambers*, and that he should thus be resentenced absent the ACCA enhancement for that conviction. As *Begay* and *Chambers* were decided after Petitioner's initial § 2255 motion, he could not have raised this argument in his earlier motion. It thus seems that § 2255 is indeed "inadequate or ineffective to test the legality of his detention," and the Court will allow Petitioner's § 2241

4

Petition to go forward. The Court's determination that § 2241 is available to Petitioner is not a ruling on the merits of the § 2241 Petition, and is not intended to imply a finding that his claim is otherwise procedurally proper or that it has substantive merit.

The Court, in its discretion, applies the Rules Governing Section 2254 Cases in the District Courts to this case. *See* Rule 1(b) Governing Section 2254 Cases in the District Courts.[4] Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the District Courts, the Court has examined the Petition and cannot determine that Petitioner's claim has no merit. Therefore, Respondent will be directed to respond to the Petition.

IT IS THEREFORE ORDERED:

1. The Clerk SHALL cause a copy of the § 2241 Petition (Doc. 1) to be served upon Respondent.

2. Respondent SHALL file an answer, motion, or other response under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts within sixty (60) days after service of the Petition. Respondent should address any facts which would establish whether Petitioner's claims are untimely or procedurally barred. In addition, Respondent should address the merits of Petitioner's claims

---

[4] *See also Hudson v. Helman*, 948 F.Supp. 810, 811 (C.D. Ill. 1996) (Rule 4 takes precedence over § 2243's deadlines and gives court discretion to set deadlines) (*citing Bleitner v. Welborn*, 15 F.3d 652, 653-54 (7th Cir. 1994) (Rule 4 is superseding statute over § 2243); *Kramer v. Jenkins*, 108 F.R.D. 429, 431 (N.D. Ill. 1985) (court may apply § 2254 Rules to § 2241 cases)).

and otherwise fully comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.

3.     Petitioner MAY file a reply to Respondent's response within thirty (30) days of being served with Respondent's response.

4.     Petitioner SHALL serve upon the Respondent a copy of every further pleading or other document submitted for consideration by the Court.

Entered this <u>12th</u> day of August, 2010.

                                                                    s/ Joe B. McDade
                                                                  JOE BILLY McDADE
                                       United States Senior District Judge